MILLS, Judge.
Nelson appeals from the summary denial of his motion pursuant to Rule 3.850, Fla. R.Crim.P. alleging ineffective assistance of counsel and an incorrect sentence. We affirm in part and reverse in part.
With regard to his sentence, Nelson contends that, despite his guilty plea to four counts of attempted sexual battery of a child under eleven contrary to Section *1325 794.011(2), Florida Statutes (1979), he was properly scored for only one count of victim injury. Leaving aside the propriety of scoring victim injury when the conviction is for attempt only, since this issue was not raised by Nelson, the committee note to the version of Rule 3.701(d)(7), Fla.R.Crim.P., applicable to Nelson states that “[vjictim injury shall be scored for each count in which victim injury is an element of the offense, whether there are one or more victims” (emphasis supplied). Therefore, assuming without deciding that scoring for victim injury was proper in this case, Nelson was properly scored on each of the four counts to which he pled guilty.
Nelson further contends that his trial counsel was ineffective for failing to challenge the charging information as too vague and indefinite. The trial court held this allegation refuted by the information itself but fails to attach a copy thereof to his order. We therefore reverse and remand to the lower court with directions to reconsider this portion of the motion and either to attach those portions of the record conclusively refuting this allegation or, if it does not refute it, to conduct an evidentiary hearing on the issue. See Van Meter v. State, 527 So.2d 306 (Fla. 1st DCA 1988).
SMITH, C.J., and NIMMONS, J., concur.